IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| ANDREW MICHAEL PODEMS, | Case No. 3:16-cv-00194-RRB |
|---|---|
| Plaintiff, | **<u>DISMISSAL ORDER</u>** |
| vs. | |
| UNIVERSITY OF ALASKA, *et al.*, | |
| Defendants. | |

Andrew Michael Podems, a resident of Newton, New Jersey, appearing *pro se*, filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983, against the University of Alaska, Anchorage ("UAA") and three individuals employed by UAA.[1]

## I. GRAVAMEN OF COMPLAINT

Podems Complaint arises out of his enrollment as a student in UAA. According to Podems he had been unlawfully denied a copy of his college transcript because he refused to pay a tuition bill he claims was not due. According to Podems UAA refused to grant him a fair hearing prior to initiating collection action through Cornerstone Credit Services. Podems further alleges that he was forced to pay the bill in order to receive a copy of his transcript, which was necessary for him to obtain his teaching certification.

---

[1] In addition to the University, Podems names as Defendants: Mike O'Brien, Lawyer at UAA, Stuart Roberts, Associate Vice Chancellor, UAA; and Barbara Farmer, Accounts Receivable Collections Officer. In addition, Podems appears to name Cornerstone Credit Services, LLC

Podems seeks actual damages in the amount of $1,600,000, and punitive damages in the amount of 2,000,000.

## II. DISCUSSION

The payment of a filing fee or any portion thereof not withstanding, this Court is required to dismiss a case at any time that the Court determines that the Complaint "fails to state a claim on which relief may be granted."[2] As presently constituted, Podems' Complaint is deficient.

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* plaintiffs are to be liberally construed, according plaintiff the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[5]

---

[2] 28 U.S.C. § 1915(e)(2)(B)(ii); see *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); see generally 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman Federal Prac. & Proc. Civ. § 1357 (3d ed.).

[3] Fed. R. Civ. P. 8(a)(2).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[5] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[6] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[7] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[8] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[9]

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Normally the Court would apply this section to this matter. However, in this particular case, it is apparent from the Complaint and the matters of which the Court may take judicial notice, that Podems is not entitled to relief in this Court under two principles: subject-matter jurisdiction and the doctrine of *res judicata*.

---

[6] *Iqbal*, 556 U.S. at 678–79; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[7] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[8] *Id.*

[9] *Id.* (quoting *Twombly*, 550 U.S. at 555).

A court always has a duty to examine its own subject-matter jurisdiction.[10] Under the doctrine of *res judicata*, this Court is precluded from re-examining an issue that has already been decided by a court of competent jurisdiction.[11]

*Subject Matter Jurisdiction*. In his Complaint Podems refers to an action brought by Cornerstone against him in the Alaska Small Claims Court.[12] A review of the docket in that case indicates that judgment was entered in favor of Cornerstone in the amount of $1,039.27 on May 7, 2010, which was satisfied on February 2, 2012. The record further reflects that Podems appealed to the Alaska Superior Court from that judgment, and the Superior Court affirmed it on July 8, 2011.[13] The Alaska Supreme Court denied Podems' petition for review on June 4, 2012.[14]

It is thus clearly apparent that Podems fully litigated the issue of his obligation to pay the tuition in the appropriate state courts. If he was dissatisfied with that decision, Podems' remedy was to seek a *writ of certiorari* from the Supreme Court. It has long been the law under the *Rooker–Feldman* doctrine that a Federal district court does not have appellate jurisdiction over decisions of state courts.[15] This rule applies even when the challenge to

---

[10] *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990).

[11] *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

[12] *Cornerstone Credit Services LLC v. Podems*, Case No. 3PA-09-0377SC. The Court takes judicial notice of the records in that case. Fed. R. Evid. 201. That record is available online at: http://www.courtrecords.alaska.gov/eservices/search.

[13] *Podems v. Cornerstone Credit Services. LLC*, Case No. 3PA-10-01821CI.

[14] *Podems v. Cornerstone Credit Services, LLC*, Case No S14492.

[15] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 460 U.S. 413, 415–16 (1923).

the state court's actions involve federal constitutional issues.[16] In this case, in order to find in favor of Podems, this Court would have to essentially overrule the decisions of the Alaska State Court System. A result that is clearly outside this Court's jurisdiction.

*Diversity Jurisdiction.* Even if it were not barred from hearing this matter under *Rooker-Feldman*, it also lacks diversity jurisdiction. Although it appears from the face of the Complaint that there is complete diversity between Podems and all Defendants, standing alone, that is insufficient. In order for this Court to exercise its diversity jurisdiction the amount in controversy must exceed $75,000.[17] In this case, as noted above, Podems seeks actual damages of $1,600,000 and punitive damages of $2,000,000. Normally, for the purposes of determining jurisdiction, the amount in controversy "is determined from the face of the pleadings" and controls "unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount."[18] According to the Complaint and exhibits attached thereto the amount that Podems was required to pay was $1,354.00. It is obvious from the face of the Complaint that Podems cannot plausibly claim damages anywhere near the floor for establishing diversity jurisdiction.

*Merits/Res Judicata*. Even if this Court had jurisdiction, Podems' action would fail. The gravamen of Podems' Complaint is that he was denied a hearing on his obligation to pay the fees claimed to be unpaid. Unfortunately for Podems' this claim is eviscerated by

---

[16] *Dubinka v. Judges of Superior Court of State of Calif. for Cty of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994) (citing *Feldman*, 460 U.S. at 484–86).

[17] 28 U.S.C. § 1332(a).

[18] *Graphic Expeditions, Inc. v. Estate of Lhokta*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St Paul Mercury Indemn. Co. v. Red Cab Co.* 303 U.S. 283, 292 (1938) (internal quotation marks omitted)).

the documentation attached to his Complaint. Attached to the Complaint are two documents: a letter dated May 12, 2008, notifying Podems of a right to request a hearing;[19] and a letter dated July 1, 2008, notifying Podems that it was not possible to conduct a hearing in the time specified and that garnishment of his Alaska PFD was terminated. That letter included the following paragraph: "Your account is still reflecting an amount due. If you still wish to meet and discuss your account contact Barbara Farmer at (907) 786-1475 to schedule an appointment. Please make this appointment before August 1, 2008."[20]

It clearly appears that Podems was provided an opportunity to present his grievance to the University: an opportunity he may have declined. It also appears clear that Podems raised this claim in the Alaska State Courts and was denied relief. Thus, Podems' Complaint not only fails on the facts, but, as noted above, he has been accorded an opportunity to fully litigate his claims in the Alaska Court System.

As presently constituted, because the Complaint fails to allege facts sufficient to warrant invoking the jurisdiction of this Court or granting the relief requested, or any relief at all, it must be dismissed. Although normally the Court would grant Podems leave to amend, because the Complaint is verified under penalty of perjury it is evident that Podems cannot truthfully allege facts sufficient to warrant invoking the jurisdiction of this Court, dismissal will be without leave to amend.

---

[19] Docket 1-1, p. 2.

[20] Docket 1-1. This attachment also bears a sticker identifying it as Defendant Exhibit D in Case No. 3PA-09-337SC.

**III. ORDER**

Accordingly, the Complaint Under The Civil Rights Act 42 U.S.C. § 1983 (Non-Prisoners) filed herein is hereby **DISMISSED** without prejudice to seeking appropriate relief in the Alaska State Courts, if any.

The Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED** this 21st day of November, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE